**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| *In re Subpoena to* <br><br> DEBRA DUGUID, <br><br> *Respondent,* <br><br> v. <br><br> KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION, <br><br> *Movants.* | Miscellaneous Action No. <br><br> _____ |
| IEP TECHNOLOGIES, LLC, <br><br> *Plaintiff / Counter-Defendant,* <br><br> v. <br><br> KPM ANALYTICS, *et al.*, <br><br> *Defendants / Counter-Claimants.* | Civil Action No. <br> 1:21-cv-10417-RWZ <br> (D. Mass.) |

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Pursuant to Fed. R. Civ. P. 37 and 45, KPM Analytics, Incorporated f/k/a Statera Analytics, Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "KPM") hereby brings this miscellaneous action and moves the Court, on an emergency basis (due to the pending close of discovery in the above-referenced underlying action), for an order to compel Debra Duguid to appear for a deposition pursuant to a duly served subpoena. Pursuant to D. Conn. L. Civ. R. 7(a)(6), good cause exists for the Court's consideration of this motion on an emergency basis in light of the prompt service of the subpoena at issue on

May 31, 2023, a mere eight days after fact discovery re-opened in the underlying litigation, the repeated delays of the deposition by Ms. Duguid and failure to provide any date on which she is available to be deposed without restriction, and, perhaps most importantly, the upcoming close of fact discovery on September 1, 2023, as further addressed herein. Counsel for Ms. Duguid—who also represents Plaintiff, IEP, in the underlying case—has stalled and delayed at every turn in an attempt to prevent KPM the full and fair opportunity to examine Ms. Duguid and to discover the highly relevant information that she possesses relevant to KPM's counterclaims in the underlying against IEP. Now, counsel has explicitly refused to make Ms. Duguid available for the full amount of deposition time permitted by Rule 30(d)(1), regardless of scheduling. Counsel's unwillingness to comply with the Rules and a properly served subpoena warrants this Motion.

## I. THE UNDERLYING LITIGATION

KPM served the subpoena at issue here, attached at Exhibit A, as part of discovery in the underlying case, *IEP Technologies, LLC v. KPM Analytics, et al.*, No. 1:21-cv-10417-RWZ, pending in the District of Massachusetts. KPM tendered the requisite appearance and mileage fees, which check has been cashed by Ms. Duguid. *See* Exhibit A, pp. 2, 12. While no party to the underlying litigation, *nor Ms. Duguid here*, have contested the relevance of the requested discovery, KPM provides the following background.

In the underlying litigation, KPM has alleged in its amended counterclaims that a Declaration of Use and Incontestability submitted by IEP—the Plaintiff in the underlying action—to the U.S. Patent & Trademark Office ("USPTO") relating to the maintenance of U.S. Trademark Registration No. 4,648,573 ("the '573 Registration") contains statements that are false. *IEP v. KPM*, Doc. 38, ¶¶ 28–47. KPM also alleges that the declaration submitted to the USPTO was not signed by the named declarant (IEP's President), but instead was forged (possibly by Ms. Duguid

as described below), thereby rendering it void. *See id.* Accordingly, KPM seeks cancellation of the '573 Registration on the basis of fraud on the USPTO. *Id.*, Doc. 38, ¶¶ 69–75.

As part of discovery relevant to this counterclaim, KPM served a document subpoena on the USPTO to obtain electronic records related to the filing of the foregoing forged declaration. Docs. 61-6; 61-7. The USPTO produced business records revealing a specific IP address for the signatory of the forged declaration. *Id.*, Doc. 96-8, ¶ 17. In response to a subpoena served by KPM, Charter Communications, the Internet Service Provider for that IP address, produced business records confirming the IP address corresponding to Ms. Duguid's residential address.

KPM needs the testimony it seeks from Ms. Duguid to understand, among other things, Ms. Duguid's general practices and procedures with respect to trademark filings with the USPTO, associated USPTO regulations and procedures related to such filings, and exactly how Ms. Duguid will testify at trial regarding certain events relating to the filing of the specific fraudulent declaration at issue.

## II.  SERVICE OF THE SUBPOENA

On May 31, 2023, as noted above, KPM served the subpoena at issue on Ms. Duguid only eight days after the District of Massachusetts Court reopened discovery for an abbreviated period until June 30, 2023. *See IEP v. KPM*, Doc. 42 (Apr. 25, 2022). The subpoena directed Ms. Duguid to appear for a deposition on June 23, 2023. Exhibit A.

Counsel for Ms. Duguid—the same counsel representing Plaintiff, IEP in the underlying matter—indicated on June 15, 2023 that Ms. Duguid was not available June 23 and did not provide any alternative dates for her deposition. *See* Exhibit B. On June 21, counsel for KPM requested alternative dates for Ms. Duguid's deposition, but to no avail. Exhibit C, pp.2–3. Finally, after having to ask yet again, counsel for IEP and Ms. Duguid conveyed that she was available on July 13 and July 28. Exhibit C, p.1. KPM accepted the July 28 date and even agreed to commence

3

the deposition at 10:30 a.m. (rather than the noticed 10:00 a.m.) at the request of IEP's/Ms. Duguid's counsel to accommodate Ms. Duguid's schedule that day. Exhibit D, pp. 1–2.

Then, on July 19, 2023, in an apparent attempt to short-circuit Ms. Duguid's deposition, IEP served a Declaration of Debra Duguid. *See* Exhibit E. IEP then asserted that because Ms. Duguid "provided a declaration...her deposition is now moot" in its entirety and would otherwise be "a large expense on a non-party." Exhibit F, p.2. KPM disagreed and highlighted that "KPM has already taken steps to avoid any burden to Ms. Duguid and plans to proceed on the date and time (July 28, 2023 at 10:30 a.m. EDT) agreed upon by the parties." *Id.* p.1.

Three days later on July 22, which was only six days before Ms. Duguid's scheduled July 28 deposition, counsel for IEP and Ms. Duguid indicated that Ms. Duguid was now no longer available on July 28 due to a personal family medical emergency. Exhibit G, p.1. KPM indicated its understanding and noted that it would await "receiving a new proposed date" for Ms. Duguid's deposition. *Id*.

On July 31, 2023, the parties conferred via teleconference to discuss several ongoing discovery disputes, including the scheduling of Ms. Duguid's deposition. *See generally* Exhibit H. Due to the ongoing and uncertain nature of Ms. Duguid's personal family medical emergency, the Parties agreed that a thirty-day extension of the discovery deadline from August 2, 2023 to September 1, 2023 would be necessary; hence, the Parties filed a ***Joint*** Motion to Extend the Discovery Period on August 2, 2023. *See* Doc. 137. In the ***Joint*** Motion, IEP's counsel (who also represents Ms. Duguid), along with KPM's counsel, made the following representations to the Court of the underlying action:

- "Good cause exist[ed] for the request [sic] extension of time as…more time is necessary to complete fact discovery pursuant to this matter. Specifically, the deposition of Ms. Debra Duguid scheduled for July 28, 2023 was recently cancelled due to [an] emergency family

4

health situation in Ms. Duguid's family. Due to ongoing nature of Ms. Duguid's situation, alternative dates for her deposition have not been determined"; and

- That they "believe ***an extension of the discovery deadline to September 1, 2023 will provide ample time to complete remaining depositions***," namely that of Ms. Duguid.

Doc. 137, ECF p. 1-2 (emphasis added). The Court in Massachusetts subsequently granted the Parties joint motion and extended the fact discovery deadline until September 1, but specifically noted that "[t]he parties should not expect any further extensions." Doc. 138.

But not long thereafter, on August 10, 2023, counsel for Ms. Duguid and IEP presented a different story. Specifically, rather than being available *before* September 1, counsel for IEP and Ms. Duguid stated that Ms. Duguid would only be made available *after* the close of discovery on only *one of* September 7 or 28. Exhibit I, p.2. Moreover, counsel stated that Ms. Duguid would only be made available from 10:00 a.m. to 2:00 p.m. on those days. In a follow-up email, counsel for IEP and Ms. Duguid acknowledged that this offer was outside of the discovery period that counsel themselves had represented to the Court as providing "ample time" to complete discovery, yet stated that they "see no reasons why the parties can't simply agree to this deposition and not extend the discovery deadline." Exhibit I, p.1.

During an August 15, 2023 teleconference and without providing any specific information, counsel for Ms. Duguid stated generally that she only was available on September 7 and 28 and for only a very limited time on those two days due to her work schedule and complications caused by assisting in the care of a family member. In yet another attempt to accommodate Ms. Duguid's schedule, KPM offered to conduct the deposition on Saturday, August 26, 2023 to resolve the issue regarding Ms. Duguid's work schedule. However, even this offer was flatly rejected without explanation in a subsequent email.

Instead, counsel for Ms. Duguid and IEP reiterated that the only time within the next six weeks when Ms. Duguid could possibly be made available for her subpoenaed deposition was

5

during four midday hours (*i.e.,* 10:00 a.m. to 2:00 p.m.) on September 7 and 28. Exhibit I. In a final attempt to avoid motion practice, KPM then offered as a compromise to commence Ms. Duguid's on the offered September 7 date for up to four hours, and to continue September 28 to completion (up to the total length permitted by Rule 30(d)(1)).  In this manner, KPM essentially agreed to each of Ms. Duguid's scheduling demands.  Exhibit J, p.1. Unsurprisingly however, on August 22, counsel for Ms. Duguid rejected this proposal stating that it would be "unduly burdensome on a third-party witness." *Id.*

### III.   ARGUMENT

A subpoena is a court order—not merely a demand of a party to litigation… ." *U.S. v. Grooms*, 6 F. App'x 377, 381 (7th Cir. 2001*); see also Waste Conversion, Inc. v. Rollins Envtl. Servs., Inc.*, 893 F.2d 605, 613 (3d Cir. 1990) ("I doubt that there is any lawyer in the United States who does not know that a subpoena is a court order and remains such until vacated or discharged by the court.").

Rule 30(d)(1) specifically allows a deposition proceeding under the Feder Rules to last for "1 day of 7 hours," unless the court orders otherwise. Rule 45 allows parties to compel deposition testimony pursuant to the Rules by serving subpoenas. That Rule, as well as Rule 37 make clear that, if a party wishes to limit its obligations under a subpoena, it must do so by a "timely" motion to quash or modify the subpoena, or a motion for a protective order, before compliance is required. *See* Fed. R. Civ. P. 45(d)(3)(A); 37(d)(2).

In *Martin v. St. Hill Dodson*, the court explained the effect of subpoenas as follows:

> A subpoena is a *court order* that requires the recipient to provide specified information. In the absence of a successful motion to quash, or the issuing party's decision to withdraw the subpoena, an order compelling compliance is essentially redundant—it does nothing to change the rights or responsibilities of any person.

> While a party who fails to comply with a subpoena may be able to escape contempt sanctions by producing the requested information, *no court order is needed to impose on the subpoena recipient an obligation to produce that information*.
>
> As a result, a motion to compel compliance with a subpoena is usually moot by definition.

No. 08-CV-1311 (NG) (JO), 2009 U.S. Dist. LEXIS 131030, at *2–3 n.1 (E.D.N.Y. Apr. 28, 2009) (emphasis added); *see also In re Gushlak*, No. 11-MC-0218 (NGG) (JO), 2012 U.S. Dist. LEXIS 60349, at *10–11 (E.D.N.Y. Jan. 30, 2012) ("Those subpoenas are themselves court orders separate and apart from the Orders now under review in the appellate court… .") (*citing Martin*, 2009 U.S. Dist. LEXIS 131030, 2009 WL 1161009, at *1 n.1).

Ms. Duguid has knowledge highly relevant to the issues in the underlying case, specifically KPM's counterclaims against IEP. KPM served her with a valid subpoena in May 2023, commanding her to appear at a location near her home and place of business. KPM has communicated with Ms. Duguid's and IEP's counsel for nearly three months to attempt to schedule the deposition at a time convenient to Ms. Duguid, agreeing to many of her requests for delay. KPM has even attempted to accommodate Ms. Duguid's recent concerns about her work schedule by offering a deposition on a Saturday. KPM then offered to accommodate Ms. Duguid's schedule by taking the deposition over two days, during two four-hour periods in which Ms. Duguid's counsel represents that she is available. However, counsel for Ms. Duguid and IEP have rejected each accommodation.

Now, Ms. Duguid's counsel provides no alternative dates and insists—without filing a motion to limit the scope of, or his client's requirements under, the Subpoena—that KPM may only depose Ms. Duguid for four (4) hours. That is directly contrary to the Rules. Therefore, KPM respectfully requests that the Court order Ms. Duguid to appear for the time permitted by the Rules

at a mutually convenient date prior to the close of discovery in the underlying action, September 1, 2023.[1]

## IV.     CONCLUSION

For the foregoing reasons, KPM respectfully requests that the Court allow this Motion and order Ms. Duguid to appear for the time permitted by the Rules at a mutually convenient date prior to the close of discovery in the underlying action, September 1, 2023.

                                                 Respectfully submitted,

KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED and KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,

By their attorneys,

*/s/ Aaron D. Rosenberg*_____
Aaron D. Rosenberg (ct29518)
SHEEHAN PHINNEY BASS & GREEN, PA
28 State Street, 22nd Floor
Boston, MA 02109
(617) 897-5600
arosenberg@sheehan.com

Charles M. Landrum, III
(motion for admission *pro hac vice* to be filed)
*c.landrum@thip.law*
THOMAS | HORSTEMEYER LLP
3200 Windy Hill Rd SE Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

---

[1] KPM recognizes that even if this motion is granted that Ms. Duguid's deposition may not occur before the September 1 close of discovery in the underlying action. However, KPM nevertheless believes it appropriate to seek this emergency relief in the event that Ms. Duguid's deposition can occur as soon as reasonably possible after September 1 and in contemplation of KPM seeking an extension of discovery in the underlying action related to this deposition. . KPM will notify the Court in the underlying action of this motion's filing in the event that the motion is granted and such an extension is required.

## CERTIFICATE OF SERVICE

I certify that on August 24, 2023, I served a copy of the foregoing Motion by email and first class mail on the following counsel for Ms. Duguid and IEP, the Plaintiff in the underlying litigation:

Brendan McDermott<br>
Stephan Ball

<i>/s/ Aaron D. Rosenberg</i><br>
Aaron D. Rosenberg