**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| *In re Subpoena to*<br><br>DEBRA DUGUID,<br><br>*Respondent*,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br><br>*Movants*. | Civil Action No.<br>1:23-mc-91497-RWZ |
| IEP Technologies, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>*Defendants*. | Civil Action No.<br>1:21-cv-10417-RWZ |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION**
**TO COMPEL COMPLIANCE WITH NOTICE OF DEPOSITION**

Non-party Ms. Debra Duguid, by her undersigned counsel, responds to Defendants KPM Analytics, Incorporated ("KPMA") and KPM Analytics North America Corporation ("KPMNA") (collectively, "Defendants") Emergency Motion to Compel, ("Motion", ECF No. 1), pursuant to this Court's Order, (ECF. No. 8).

Yet again, KPM filed an unnecessary, overly aggressive motion to compel. This time, KPM seeks to compel a non-party to sit for a full day deposition despite the witness having limited relevant, non-privileged information to the underlying litigation. KPM's Motion ignores

1

that Ms. Duguid was made available and had to cancel only due to unforeseen emergency medical circumstances with a family member. Once the emergency passed, Ms. Duguid again offered potentially available time in September. Further, even before her deposition was previously scheduled, Ms. Duguid also provided a declaration to KPM. *See* ECF No. 1-6. Ms. Duguid has been responsive and compliant with KPM's subpoena.

KPM, again, however, refuses to proceed with her deposition at the offered time. Instead, KPM unjustifiably demands a non-party attend a full day deposition when, at maximum, Ms. Duguid has a week of potentially relevant, non-privileged information. The Court will recall, Ms. Duguid is a former paralegal at Whitmyer IP during Whitmyer IP's representation of IEP, and, therefore, her work is privileged in its entirety. IEP, as confirmed by the Court, has narrowly waived privilege only with respect to the filing of the statement of continued use in November 2020. *See* ECF No. 125 (underlying litigation[1]). This narrow waiver, applying to less than a week of time, contains the entirety of facts KPM could possibly ask during a deposition of Ms. Duguid. As a result, Ms. Duguid offered a four-hour timeframe for her deposition. KPM, however, has unjustifiably demanded a full day without explaining why KPM needs a full 7 hours under such narrow facts. A full day deposition, with such limited relevance, would subject Ms. Duguid to undue burden especially when she has already provided a sworn declaration. The Court may modify a subpoena in such circumstances.

IEP respectfully requests the Court modify KPM's subpoena limiting the deposition to four hours. Indeed, KPM must take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Ms. Duguid has offered multiple dates to KPM for such a timeframe, but KPM has refused to move forward.

---

[1] *IEP Technologies, LLC v. KPM Analytics, Incorporated, et al.*, Case No. 1:21-cv-10417-RWZ (D. Mass.)

## I.     Ms. Duguid has limited relevance to this case.

Ms. Duguid is IEP's former paralegal having worked for Whitmyer IP, IEP's former law firm in the underlying litigation. Her work, therefore, is privileged. *See Owens v. First Fam. Fin. Servs., Inc.*, 379 F. Supp. 2d 840, 848 (S.D. Miss. 2005) ("When a paralegal works on behalf of a lawyer who is representing a client, "[t]he attorney-client privilege applies with equal force to paralegals.").

The only relevant, non-privileged information, available to KPM during her deposition is limited to the narrow waiver at issue in this case. During a prior discovery dispute, IEP agreed to a narrow waiver only relating to the signing of a Combined Declaration of Use and Incontestability on November 23, 2020, relating to U.S. Trademark Reg. No. 4,648,573. Ms. Duguid confirms this in her declaration. ECF No. 1-6 at ¶8. With respect to the Combined Declaration of Use and Incontestability, the timeline is limited from November 18, 2020, to its filing on November 23, 2020. Indeed, KPM sought Ms. Duguid's private internet records from Charter Communications for only those dates implicitly acknowledging the limited scope. Ex. 1, at 8. In total, there are 6 days that KPM could even inquire about due to privilege issues.

KPM's request for a full 7 hours appears to seek privileged information beyond the applicable narrow waiver. Due to the extensive privilege issues rendering Ms. Duguid's testimony limited to such a small timeframe, this Court may modify the subpoena to avoid requiring disclosure of privileged or other protected matter. Fed. R. Civ. P 45(d)(3)(A)(iii). As a result, Ms. Duguid respectfully requests the Court modify the subpoena deposition time limit to four hours.

## II.     KPM seeking a full day deposition subjects Ms. Duguid, a non-party, to harassment and undue burden.

As explained above, Ms. Duguid is a former paralegal at the law firm that managed IEP's

trademarks. KPM's subpoena unnecessarily subjects a non-party to undue burden. Indeed, as confirmed by KPM, Ms. Duguid has already provided a substantial declaration on the facts known to her during the timeframe of the limited waiver. *See* ECF No. 1-6.

Further, KPM filed this dispute in Connecticut while the parties were still discussing the issues. Ms. Duguid had provided two four-hour time periods in September for a potential deposition. In response, KPM's last "offer" was to depose Ms. Duguid over three days if two four-hour time periods did not result in 7 hours on the record. This option, of course, was untenable to Ms. Duguid as she would have to incur additional economic loss from missed work. KPM's offer also inexplicably tied Ms. Duguid's deposition date to a full extension of fact discovery in the underlying litigation. Ex. 2. Counsel for IEP, nevertheless, asked KPM to send a proposed draft of the extension. *Id.* Instead of providing such a proposed draft, KPM filed this motion without notice.

 Ms. Duguid is a non-party with a demanding job and recently has become caretaker for a family member. Ms. Duguid (correctly) feels harassed by KPM, which has subpoenaed her private internet records and is accusing her, by implication, of fraud. KPM's intimidation tactics, by seeking a full day deposition, should be rejected.

Ms. Duguid's request is simple: modify the subpoena limiting the deposition to four hours accounting for the privilege Ms. Duguid must maintain and to remove the undue burden of a full day deposition. *See* Fed. R. Civ. P 45(d)(3)(A). Ms. Duguid has repeatedly made herself available for such a timeframe, while also providing an unrequired declaration, yet KPM refused to proceed.

Dated: September 12, 2023

*/s/ Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr. (BBO # 670092)
HUSCH BLACKWELL LLP
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: 617-598-6700
Fax: 617-720-5092
Stephen.Ball@huschblackwell.com

**Attorney for Ms. Duguid**

## **CERTIFICATE OF SERVICE**

I hereby certify that today, September 12, 2023, a true and correct copy of the foregoing was filed electronically with the clerk of the court. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

*/s/ Stephen F.W. Ball, Jr.*

4861-4979-5967