UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*In re Subpoena to*

DEBRA DUGUID,

    *Respondent*,

v.                                                                                                           No. 1:23-mc-91497-RWZ

KPM ANALYTICS, INCORPORATED F/K/A
STATERA ANALYTICS, INCORPORATED AND
KPM ANALYTICS NORTH AMERICA
CORPORATION F/K/A PROCESS SENSORS
CORPORATION,

    *Movants.*

--------------------------------------------------------------------

IEP TECHNOLOGIES, LLC

    *Plaintiff*,

v.                                                                                                           No. 1:21-cv-10417-RWZ

KPM ANALYTICS, *et al.*,

    *Defendants.*

REPORT AND RECOMMENDATION ON DEFENDANTS KPM ANALYTICS'
EMERGENCY MOTION TO COMPEL COMPLIANCE WITH SUBPOENA (#1)

KELLEY, U.S.M.J.

    KPM Analytics, Inc. and KPM Analytics, Corp. (together, "KPM") move pursuant to Fed. R. Civ. P. 37 and 45 to compel non-party Debra Duguid to appear for a full-day deposition in the related matter *IEP Technologies, LLC v. KPM Analytics, et al.*, No. 1:21-cv-10417-RWZ (the "Trademark Case"), pursuant to a duly served subpoena. (#1.) Ms. Duguid opposes and

1

seeks to limit her deposition to four hours. (#9.) For the following reasons, this court recommends that KPM's motion be allowed in part and denied in part.

I. Relevant Background.

This miscellaneous case is related to a trademark dispute between plaintiff IEP Technologies, LLC, and defendants KPM, in which IEP alleges that KPM continues to use IEP's U.S. Trademark Registration No. 4,648,573 (the "'573 Registration") in violation of the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, Mass. Gen. Laws. ch. 93A, and the common law of Massachusetts. Trademark Case, #1 ¶¶ 1-2. In March 2022, KPM filed counterclaims alleging, among other things, that the Declaration of Use and Incontestibility (the "Declaration") submitted by IEP to the U.S. Patent & Trademark Office ("USPTO") relating to the maintenance of the '573 Registration contained false statements and was not signed by the named declarant, IEP's then-Vice President John Shea, rendering the Declaration a fraud and the '573 Registration void. *Id.*, #38 ¶¶ 69-75.

II. This Motion.

Debra Duguid is a former paralegal at Whitmyer IP who prepared the Declaration and claims to have sent it to Mr. Shea for his signature. (#1-6 ¶ 10 (Exhibit E, Duguid Declaration).) Based on IP address information that KPM secured through a subpoena to the USPTO, KPM theorizes that Ms. Duguid signed the declaration on Mr. Shea's behalf before submitting the application to the USPTO. (#1-1 at 3.) Ms. Duguid has since left Whitmyer IP, has a new demanding job, and is acting as a caretaker for a family member. (#9 at 4.)

KPM subpoenaed Ms. Duguid on May 31, 2023, directing her to appear on June 23 for a deposition. (#1-1 at 3.) After some back and forth between counsel for Ms. Duguid (the same counsel representing IEP in the Trademark Case), the parties agreed to hold Ms. Duguid's

2

deposition on July 28 at 10:30 a.m., to accommodate Ms. Duguid's schedule. *Id.* at 3-4. On July 19, IEP served a Declaration of Debra Duguid, *see* #1-6, and asserted that her deposition was thus moot and would be a large, unnecessary expense on a non-party. (#1-1 at 4.) KPM disagreed and communicated that it planned to move forward with the deposition as scheduled. *Id.* On July 22, Ms. Duguid's counsel cancelled her deposition, citing a personal family medical emergency. *Id.*

The court subsequently granted the parties' joint motion to extend the fact discovery deadline to September 1 in the underlying matter Trademark Case, #138, and the parties conferred regarding the rescheduling of Ms. Duguid's deposition. Ms. Duguid offered to make herself available on one of either September 7 or 28 from 10 a.m. to 2 p.m, citing a demanding work schedule and her caretaker responsibilities as cause for why she would not be available before the September 1 discovery deadline. (#1-1 at 5.) KPM offered Saturday, August 26, to abide the deadline; Ms. Duguid refused. *Id.* KPM then offered to commence Ms. Duguid's deposition on September 7 for up to four hours, and to continue on September 28 to completion, up to seven hours, as permitted by Fed. R. Civ. P. 30(d)(1). *Id.* at 5-6. Ms. Duguid rejected KPM's proposal, stating that KPM's insistence on a full-day deposition of a non-party witness of limited non-privileged relevance to the Trademark Case was unduly burdensome and harassing. (#9 at 3-4.)

On August 24, KPM filed this miscellaneous case in the District of Connecticut seeking an emergency order compelling Ms. Duguid to appear for a full-day deposition before the September 1 close of discovery in the Trademark Case. (#1.) Four days later the case was transferred to this court. (#4.) Ms. Duguid filed her response on September 12, 2023. (#9.) On

3

September 15, this court heard argument on KPM's motion, in a hearing related to another discovery dispute in the underlying case. Trademark Case, #160.

III. Discussion and Recommendation.

The Federal Rules limit a deposition to "one day of 7 hours," unless "ordered by the court." Fed. R. Civ. P. 30(d)(1). Based on the parties' representations in their papers and at the hearing, Ms. Duguid seems to have limited, though arguably critical, relevance to the issues in the underlying Trademark Case. She also has a demanding job and competing caretaking responsibilities that would make a full day of questioning particularly onerous. Nevertheless, KPM is entitled to the discovery it seeks. *Id.* ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.").

Therefore, the court recommends that KPM's motion be allowed in part and denied in part, subject to the following: Ms. Duguid's deposition be limited to four hours on the record, with breaks to be determined by the deponent. KPM may, for good cause shown, move to reopen the deposition if it requires additional time for questioning, up to the additional three hours permitted by Fed. R. Civ. P. 30(d). Counsel for Ms. Duguid shall confer with her regarding her availability, and the parties shall confer and schedule Ms. Duguid's deposition as soon as practicable.

VIII. Review of this Report and Recommendation by the District Court.

The parties are advised that any party who objects to this Report and Recommendation must file specific written objections with the Clerk of this Court within fourteen (14) days of the date of this Report and Recommendation. The objections must specifically identify the portion of this Report and Recommendation to which objections are made and state the basis for such

objections. The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–9 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

September 15, 2023                                              /s/ M. Page Kelley
                                                                M. Page Kelley
                                                                United States Magistrate Judge